UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>LUIS AVALOS,<br><br>    Defendant. | Case No. 2:23-cr-00208-APG-DJA<br><br>**ORDER DENYING APPEAL OF MAGISTRATE JUDGE'S RELEASE ORDER**<br><br>[ECF Nos. 6, 7] |

Magistrate Judge Ferenbach ordered that defendant Luis Avalos be released from custody pending trial. ECF No. 10.  Avalos was immediately transferred into the custody of the Department of Homeland Security-Immigration and Customs Enforcement agency (ICE).  The Government appeals from Judge Ferenbach's release order, and asks that I stay that order while this appeal is pending. ECF Nos. 6, 7.

I must conduct a *de novo* review of the evidence before Magistrate Judge Ferenbach (and any additional evidence submitted by the parties), and make my own independent determination with no deference. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).  I have listened to the audio tape of the hearing before Magistrate Judge Ferenbach and considered the Pretrial Services Report and the parties' briefs.  In determining whether to detain or release Avalos, I must consider four factors: (1) the nature and circumstances of the offense charged, including whether it is a crime of violence or involves drugs; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community should the defendant be released. 18 U.S.C. § 3142(g).

Avalos is charged with being a deported alien found in the United States. ECF No. 1. He is not charged in this case with a drug offense or a crime involving violence.[1] The weight of the evidence is certainly strong, as Avalos is not a citizen of the United States and was previously deported. However, this is the least important of the factors.[2] Avalos has several encounters with the criminal justice system, the bulk of which is stale. Most troubling is that he served over 10 years in prison for attempted murder. He was deported in 2019 but returned to the United States, giving rise to this case. Avalos also has pending charges in North Las Vegas for resisting arrest and assault with a deadly weapon but the state judge did not detain him on those charges.

The Government is concerned that ICE will deport Avalos before this case goes to trial. Apparently, the Department of Justice is unable to coordinate with ICE to stop a deportation despite the fact that both are part of the same government.[3] If Avalos is deported before trial, he may try to return here illegally again. But that risk exists whether or not he is first convicted in this case, and presumably the Government would charge him with that crime (and potentially this one). Regardless, that risk is not one of the factors to consider under § 3142(g). If Avalos

---

[1] The Government notes that Avalos was arrested by the North Las Vegas Police Department for, among other things, assault with a deadly weapon for displaying part of a gun while arguing with a store clerk. However, the state judge released him on bail, suggesting it does not believe he is a danger or flight risk. ECF No. 17 at 9.

[2] Weight of the evidence "is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). "Although the [bail reform] statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *Id*. (citations omitted). "[I]f the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment." *Id*. Accordingly, this factor "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id*.

[3] Perhaps the Department of Justice should develop, or Congress should create, a hold or detainer like ICE uses to keep defendants in the jurisdiction pending proceedings. But such a solution must come from the executive or legislative branches, not from this court.

remains in ICE custody, he obviously will not pose a danger to the community or be a flight risk. If he is released, his sister will serve as a third-party custodian. ECF No. 10 at 3.  Avalos has several family members living in the United States and clearly prefers to remain here rather than flee to Mexico.  Despite the risks, Pretrial Services recommended release with conditions, which Judge Ferenbach incorporated into his release order. ECF No. 10.  I agree with Judge Ferenbach's decision and adopt it as my own. *Koenig*, 912 F.2d at 1193.

    I THEREFORE ORDER that the Government's emergency motion for a stay of the release order **(ECF No. 6) is denied as moot**.

    I FURTHER ORDER that the Government's appeal of Magistrate Judge Ferenbach's release order **(ECF No. 7) is denied.**

    DATED THIS 9th day of November, 2023.

_____
UNITED STATES DISTRICT JUDGE

3